294 So.2d 498 (1974)
Roger Lee LaFLEUR et al.
v.
BOYCE MACHINERY CORPORATION.
Nos. 54040, 54100.
Supreme Court of Louisiana.
April 29, 1974.
Rehearing Denied June 7, 1974.
Donald Soileau, Mamon, for plaintiffs-applicants in No. 54,040 and for defendant-respondent in No. 54,040.
Gordon A. Pugh, John B. Noland, Breazeale, Sachse & Wilson, Baton Rouge, for defendant-applicant in No. 54,100 and for plaintiffs-respondents in No. 54,100.
*499 SUMMERS, Justice.
This is a suit for redhibition of a sale of a bulldozer tractor. The trial judge granted rescission. The Court of Appeal ordered instead a reduction in the purchase price because plaintiff could not restore the status quo. Plaintiffs contend the status quo was not altered, and rescission of the sale should be ordered. Certiorari was granted to resolve the issue. 282 So. 2d 819.
In the early summer of 1968, plaintiffs, Roger Lee LaFleur and Percy Fontenot, negotiated with Boyce Machinery Corporation for the purchase of a secondhand D-7 Caterpillar tractor to be used for land clearing. Shortly after the machine was placed in operation on a farm near Mamou. After a very short time it overheated. Despite repeated attempts by the seller and buyer to ascertain and remedy the trouble, the machine remained defective. Its use for the intended purpose became so inconvenient that it must be supposed that the buyers would not have purchased it, had they known of the vice. La.Civil Code art. 2520. Both the trial court judge and the Court of Appeal agreed on this factual conclusion. The sole question presented is whether repairs made to the machine by the buyers rendered the machine's condition such that the buyer could no longer restore the status quo by a return of the object of the sale.
When the buyers were convinced that the machine could not function without great inconvenience, delay and expense, it was tendered to the seller by letter dated October 29, 1968, and a demand was made for return of the purchase price. When it appeared that the seller would not accept a rescission of the sale and would no longer service the machine pursuant to its warranty, the buyers continued in their effort to maintain the machine in operating condition. After this suit was instituted the buyers had Louisiana Machinery Company, Inc., perform extensive work on the motor and its cooling system, including reconditioning of both cylinder heads, at a cost of $3,000. This, however, did not remedy the defect. The machine remained, after this attempted repair, in substantially the same condition it was in prior to that time. The effort to correct the condition was, in effect, the buyer's good faith attempt to salvage some aspects of the transaction, all to no avail. If the repairs had been successful the damage to all parties would have been substantially minimized.
The record does not support a finding that these attempts to remedy the defects in the machine so altered its condition that the sellers could not be restored to status quo by the return of the machine. The fact that Louisiana Machinery's attempt to remedy the defects cost $3,000 is not necessarily an indication of the scope of the repairs undertaken. The cost is an indicia of the time and effort required to repair heavy equipment of this type, rather than the extent of any alteration in its physical condition which may have resulted.
If the repairs had ended in restoring the bulldozer to a condition which would make it capable of performing the intended work, we would say that a reduction in price would be a proper decision of the case. Hemenway v. Poor, 221 La. 770, 60 So.2d 310 (1952). Where, however, the attempted repair was a vain and useless exercise, leaving the machine in the same unsatisfactory condition, incapable of performing the work it was represented and intended to perform, the rescission of the sale should be allowed. Quntun minoris does not furnish the buyer with a satisfactory machine. The condition of the machine remained altogether unsuited to its purpose. La.Civil Code, art. 2541; Rouzel v. McFarland, 8 Mart. (O.S.) 704 (La. 1820).
For the reasons assigned, the judgment of the Court of Appeals is reversed; the judgment of the trial court is reinstated and made the judgment of this Court.