341 So.2d 62 (1976)
Percy J. FONTENOT, Plaintiff-Appellant,
v.
Roger Lee LAFLEUR, Defendant-Appellant.
No. 5653.
Court of Appeal of Louisiana, Third Circuit.
December 21, 1976.
Rehearings Denied January 26, 1977.
Writ Refused March 25, 1977.
*64 Tate & Tate by Donald J. Tate, Mamou, for plaintiff-appellant.
Daniel J. McGee, Mamou, for defendant-appellant.
Before HOOD, CULPEPPER and GUIDRY, JJ.
HOOD, Judge.
Percy J. Fontenot instituted this suit against Roger Lee Lafleur for an accounting of the assets of a partnership which formerly existed between the parties and for a money judgment. Defendant reconvened, seeking to recover amounts alleged to be due him by Fontenot arising out of the partnership agreement. Judgment was rendered by the trial court in favor of Fontenot and against Lafleur for the aggregate sum of $3,323.94, and in favor of Lafleur and against Fontenot for $5,217.54. Both parties have appealed.
A number of issues are presented, most of which relate to the terms of the agreement which was entered into between the parties and the debts which each party became obligated to pay upon the dissolution of the partnership.
On June 11, 1968, plaintiff and defendant entered into a partnership agreement, or a joint venture, for the purpose of jointly purchasing a bulldozer and operating it for profit. They agreed to share equally in the expenses and in the profits or losses of the enterprise.
When the partnership was formed the parties borrowed $35,000.00 from Guaranty Bank of Mamou. Of that amount, $32,000.00 was used to purchase a second-hand bulldozer, and the remaining $3,000.00 was used to pay operating expenses. A bulldozer operator was employed and the parties began operating the machine shortly after it was purchased.
On September 30, 1968, Fontenot and Lafleur borrowed the additional sum of $2,787.29 from the Guaranty Bank, and that amount was spent to purchase a pickup truck for the bulldozer operator to use. The pickup truck was wrecked shortly thereafter, and it was sold for salvage. The amounts received from that sale and from insurance benefits were applied toward the payment of the above indebtedness to the bank. After those payments were made there remained a balance of $712.50 due on the above note to the Guaranty Bank.
The parties experienced some mechanical problems with the bulldozer shortly after it was acquired and both agreed that the joint venture was not financially successful. About six or seven months after the partnership was formed, Fontenot and Lafleur engaged an attorney to institute suit against the seller, Boyce Machinery Corporation, seeking a return of the purchase price and a judgment for the losses and damages which had been sustained by them. A redhibitory action was instituted by plaintiffs against the seller in January, 1969.
On or about March 31, 1969, while the above suit was pending, Fontenot and Lafleur agreed to abandon the joint venture and to dissolve the partnership. Fontenot had paid most of the debts which were incurred, and the parties agreed that in order for the expenses to be equally divided Lafleur owed Fontenot $3,028.74. On that date, March 31, 1969, Lafleur executed a promissory note made payable to the order of Fontenot for the above amount. The note was made payable on demand, but both parties understood that it would be paid out of the sum which they hoped to recover as a result of the pending redhibitory action.
About three days later, April 3, 1969, Lafleur sold his one-half interest in the bulldozer to plaintiff's son, Carl Fontenot. The bill of sale recites that the purchase price of the machine was $12,500.00, and that "Vendee agrees to liquidate the entire indebtedness due on the said to the Guaranty Bank of Mamou." The parties also agreed at that time that if Fontenot and Lafleur were successful in their action to rescind the sale, Percy and Carl Fontenot were to surrender the bulldozer to the seller, and Lafleur was to receive one-half of *65 the amount which was received from that litigation in excess of $25,000.00. Plaintiff and his son worked together on the various enterprises in which plaintiff was engaged, and Percy J. Fontenot was a party to the above agreement.
Plaintiff testified that he and Lafleur appraised the bulldozer at $25,000.00 at the time Lafleur sold his interest to Carl, and that it was for that reason that the price of his one-half interest was recited as being $12,500.00. Fontenot stated, however, that since they did not know how much would be recovered from the redhibitory suit, they agreed that if they were successful in that litigation Lafleur would be paid one-half of any sum which might be recovered in excess of $25,000.00.
The parties were successful in their suit to rescind the sale. Judgment was rendered by the trial court on December 7, 1972, in favor of Fontenot and Lafleur and against Boyce Machinery Corporation for the amount of the purchase price paid for the bulldozer and for additional sums paid by the parties for repairs. The judgment also ordered (1) that the machine be returned to Boyce, (2) that Boyce recover $790.15 from Lafleur on a separate account, and (3) that Boyce recover $1,130.00 from Fontenot also on a separate account. That judgment was upheld by the Supreme Court. See Lafleur v. Boyce Machinery Corporation, 294 So.2d 498 (La.1974). On or about June 27, 1974, the aggregate sum of $43,023.06 was paid by Boyce Machinery Corporation in settlement of that judgment, and that amount was distributed by counsel for plaintiffs in that litigation as follows:

Boyce Machinery (due by
Fontenot) $ 1,361.00
Boyce Machinery (due by
Lafleur) 951.19
Donald Soileau (Attorney's fees) 14,341.02
Fontenot and Lafleur 26,369.85
 __________
 $43,023.06

Lafleur endorsed the $26,369.85 check which was made payable jointly to him and to Fontenot, and the latter received that entire amount. Fontenot paid the indebtedness which the partnership owed to the Guaranty Bank. A dispute then arose between Fontenot and Lafleur as to how much each owed as attorney's fees, as court costs and as expenses incurred in connection with the above joint venture. Fontenot instituted this suit for an accounting and for judgment against Lafleur for $10,115.18. Lafleur reconvened, demanding judgment against Fontenot for $21,266.77.
Plaintiff contends initially that the sale of a one-half interest in the bulldozer from Lafleur to Carl Fontenot was subject to a suspensive condition, that condition being that the bulldozer would not have to be returned to the seller. He takes the position that that condition did not take place, that the sale was never completed and that the purchaser thus is not obligated to pay Lafleur's indebtedness to the Guaranty Bank.
We think the sale to Carl Fontenot was not made subject to a suspensive condition, but on the contrary that it was completed on April 3, 1969. The bulldozer was delivered to plaintiff and his son on that day, and it was operated by them for a period of about five years thereafter. Plaintiff and his son exercised complete control over the machine during that period, they contracted for the jobs which were performed by it, and they retained all of the amounts which were paid for the work done. Lafleur had nothing to do with the machine or with the profits derived from the use of it after the sale. The agreement of plaintiff and his son to return the bulldozer to the seller and to share in the total amount recovered from the redhibitory action in the event the parties were successful in that suit, did not constitute a suspensive condition of the sale, and plaintiff and his son thus are not relieved of the obligation they assumed in connection with the April 3, 1969, transaction.
Prior to the settlement of the redhibitory action, the parties did not discuss the manner in which attorney's fees or court costs were to be apportioned between them in the *66 event they were successful in that litigation.
The trial judge held that out of the $43,023.06 recovered from Boyce, plaintiff and his son were entitled to receive the first $25,000.00, and that the remaining $18,023.06 was to be divided equally between Fontenot and Lafleur. He determined that Lafleur was entitled to receive $9,011.53 from that payment. The question then was presented as to the portion of the attorney's fees which Lafleur should be required to pay.
The attorney's fees for handling the redhibitory action amounted to $14,341.02. The trial judge decided that those fees should be apportioned among the parties according to the amount which each received out of the total amount recovered and he determined that the proportionate part of the fee owed by Lafleur amounted to $3,003.84. He deducted those attorney's fees from the gross amount due Lafleur, and the additional sum of $790.15 which the latter owed personally to Boyce, and concluded that the net sum of $5,217.54 was owed to Lafleur. Judgment thus was rendered in favor of Lafleur and against Fontenot for that amount.
Plaintiff contends that the trial judge erred in apportioning the attorney's fees. He takes the position that those fees and the individual debts owed to Boyce by both parties should be deducted from the total sum received as a result of the litigation, leaving $26,369.85 as the net amount recovered. He argues that he and his son are entitled to be paid $25,000.00 (actually he contends that he should be paid substantially more than that), by preference, out of the net amount received, which would leave little or nothing to be distributed to Lafleur.
We agree with the trial court that the attorney's fees should be apportioned among the parties according to the sum each received out of the total amount recovered. We find no error in the holding of the trial court that $25,000.00 should be deducted from the gross amount received from the litigation, that the remaining balance should be divided equally between Fontenot and Lafleur, and that Lafleur is obligated to pay only $3,003.84 as his proportionate part of the attorney's fees. No question is raised as to Lafleur's obligation to pay Boyce the sum of $790.15.
Plaintiff points out that at the time the redhibitory action was settled, a principal balance of $28,000.00 was due on the original promissory note owed to Guaranty Bank, and that with the accumulated interest the total indebtedness on that note amounted to $37,920.17. He contends that the parties intended that Lafleur was to share in the proceeds of the suit only if the amount recovered exceeded the total amount of principal and interest due on the note. We do not agree. The parties appraised the bulldozer at $25,000.00 when defendant sold his interest in it, and they agreed that if they recovered more than that amount through the pending suit, Lafleur would receive one-half of the excess over $25,000.00. We find nothing in the record to support plaintiff's contention that they intended for Lafleur to receive a part of the amount recovered only in the event that amount exceeded the balance due on the note. The trial judge correctly computed the amount due Lafleur.
Fontenot contends that he and his son did not assume and agree to pay the balance of $712.50 due the Guaranty Bank on the promissory note dated September 30, 1968, representing their indebtedness for funds borrowed to purchase a pickup truck. The trial judge found that the parties intended that Carl Fontenot was to assume and pay the balance of the indebtedness due on the above note. We agree with that finding. The truck was purchased for use in connection with the business of the partnership. The indebtedness was owed to the Guaranty Bank. The parties were aware of that indebtedness, and Carl Fontenot specifically agreed to liquidate the "entire indebtedness" owed to that bank.
Fontenot contends that he is entitled to recover $327.00 from Lafleur, that being the price of a dining room suite purchased *67 from plaintiff by Lafleur in 1968. He also demands judgment against Lafleur for $100.00, that being the amount of a check given to him by defendant on January 10, 1969, and returned unpaid, marked "insufficient funds." The trial judge sustained exceptions of prescription of three and five years to both of those claims. The instant suit was filed on October 4, 1974, more than five years after either of those debts were incurred. The evidence does not show that the running of prescription has ever been interrupted as to either claim. We thus find no error in the judgment of the trial court sustaining the exceptions of prescription.
As already noted, when the parties dissolved the partnership Lafleur executed a promissory note made payable to Fontenot for the sum of $3,028.74. In the instant suit Fontenot demands judgment against Lafleur for the amount due on that note. The trial judge rendered judgment in favor of Fontenot and against Lafleur for $3,028.74, plus interest at the rate of eight percent per annum from the date of the note, March 31, 1969, until paid. Defendant contends that the trial court erred in failing to sustain the exception of prescription filed by him as to that claim, and in condemning him to pay interest at the rate of eight percent, instead of six percent, per annum.
The note, executed on March 31, 1969, recites that it is payable on demand. This suit was instituted on November 4, 1974, more than five years after it was executed. Defendant filed an exception alleging that the note has prescribed by the liberative prescription of five years. The trial court found that the parties had agreed that the note was to be "paid out of the settlement of the lawsuit," that that settlement did not occur until June, 1972 (actually we think it was June, 1974), and that prescription did not begin to run until the suit was settled. The court thus overruled the exception of prescription as to that claim.
The evidence convinces us, as it did the trial judge, that the parties agreed that the note was to be paid when the redhibitory action was settled. Fontenot testified that he and Lafleur "discussed" the note on many occasions while the suit was pending, and Lafleur testified that he intended to pay it out of the proceeds he was due from the lawsuit. We think the trial judge was correct in overruling the exception of prescription, but we prefer to base our ruling on the fact that the running of prescription was interrupted by the repeated discussions of the note by the parties while the redhibitory suit was pending. See LSA-C.C. art. 3520.
The note provides for interest at the rate of six percent per annum. The judgment rendered by the trial court condemned defendant to pay interest on the amount of the note at the rate of eight percent per annum. The court clearly erred in condemning Lafleur to pay the higher rate of interest, and the judgment must be amended to conform to the provisions of the note.
Defendant Lafleur in his reconventional demand seeks to recover from Fontenot the following amounts:

Moving plaintiff's bulldozer to Alexandria
and back in August, 1970. $ 250.00
Unbogging plaintiff's tractor and
heavy equipment, February, 1971. 150.00
Constructing a levee on plaintiff's
"duck lake" in August, 1971 680.00
Reimbursement of amount paid by
Lafleur in connection with purchase
of a vehicle by an employee of the
partnership. 765.12
 ________
 $1845.12

The trial judge sustained exceptions of prescription of three years as to the first three items listed above. He rejected Lafleur's demands for the last item on the ground that that indebtedness was "not a partnership debt."
The evidence fails to show that the amount paid by Lafleur in connection with the purchase of a vehicle by an employee of the partnership was a partnership debt. The court held, correctly, we think, that Lafleur is not entitled to recover any part of that expenditure from Fontenot.
*68 With reference to the remaining claims made by Lafleur, Fontenot admitted at the trial and in this court that he was indebted to Lafleur for the following amounts:

Transporting bulldozer on August
1, 1970. $250.00
Unbogging tractor and heavy equipment
 in February, 1971. 150.00
Constructing a levee on "duck lake,"
 August 15, 1971. 180.00
 _______
 $580.00

In view of those admissions, we think the trial court erred in sustaining the exceptions of prescription as to those items and in failing to render judgment in favor of Lafleur and against Fontenot for them. The evidence fails to show that Lafleur is entitled to recover more than $180.00 for the last mentioned item, that is the construction of a levee for the lake. The judgment appealed from will be amended to permit Lafleur to recover the above amounts.
Finally, Lafleur contends that the trial court erred in apportioning the court costs incurred in connection with the redhibitory action. The court costs in that suit amounted to $1,640.65. Fontenot paid $670.65 of those costs, but the evidence indicates that Boyce Machinery Corporation reimbursed plaintiff for that amount, leaving only $970.00 still in dispute. The matter is now in litigation in another court as to who should be required to pay that remaining indebtedness for court costs. The trial court found that "defendant owes a prorata portion of these costs based on the percentage of the recovered amount that belonged to him," and it awarded plaintiff $295.00 as defendant's share of those court costs. We find no error in that decision of the trial court.
For the reasons herein assigned, the judgment appealed from is amended in the following respects: (a) That part of the judgment which condemns Lafleur to pay to Fontenot $3,028.74, with interest at the rate of eight percent per annum, is amended to reduce the rate of interest to six percent per annum from March 31, 1969, until paid; and (b) that part of the judgment which condemns Percy J. Fontenot to pay to defendant, Roger Lee Lafleur, the sum of $5,217.54 is amended to decree that Fontenot is condemned to pay Lafleur the sum of $5,797.54, with interest thereon at the rate of seven percent per annum from November 14, 1974 (the day the reconventional demand was filed), until paid. In all other respects the judgment appealed from is affirmed.
One-half the costs of this appeal are assessed to plaintiff-appellant, and the remaining costs are assessed to defendant-appellant.
AMENDED AND AFFIRMED.