291 So.2d 786 (1973)
Romalice ANDERSON
v.
BOHN FORD, INC.
No. 5768.
Court of Appeal of Louisiana, Fourth Circuit.
November 30, 1973.
Rehearing Denied April 9, 1974.
Writ Refused May 24, 1974.
*787 Louis A. DiRosa, Michael E. Soileau, Daniel J. Markey, Jr., New Orleans, for plaintiff-appellant, Romalice Anderson.
Racivitch & Wegmann, William J. Wegmann, New Orleans, for defendant-appellee, Bohn Ford, Inc.
Chaffe, McCall, Phillips, Toler & Sarpy, Henry Leon Sarpy, New Orleans, for third-party defendant-appellee, Ford Motor Co.
Before GULOTTA, J., and GAUDIN and ZACCARIA, JJ., pro tem.
GULOTTA, Judge.
This is a suit in redhibition directed against Bohn Ford, Inc., in which plaintiff seeks avoidance of the sale of a new 1969 Ford Thunderbird. Bohn third-partied the Ford Motor Company and seeks reimbursement for any damages incurred in the event that judgment is rendered in favor of plaintiff and against Bohn. The trial judge dismissed the main demand and the third-party petition and, in reasons for *788 judgment, stated that the testimony showed plaintiff had difficulty with the automobile but that Anderson "specifically and unequivocally waived the warranty when he signed the Bill of Sale."
Plaintiff appeals. Bohn appeals protectively from the dismissal of its third-party demand. Waiver of warranty is the primary issue. We reverse that part of the judgment which dismisses plaintiff's claim against Bohn. We affirm that part of the judgment which denies the third-party demand.
A claim in redhibition is based on the provisions of LSA-C.C. art. 2520 which reads as follows:

"Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice." (emphasis theirs)
Although LSA-C.C. art. 1764(2) and LSA-C.C. art. 2548 allow for a waiver of warranty,[1] the Supreme Court of Louisiana in the recent case of Prince v. Paretti Pontiac Company, Inc., 281 So.2d 112 (1973), sets forth specific requirements which must be met before the waiver can be effective. The waiver in the Prince case was written on the back of a "buyer's order." Also, a similar statement or waiver was contained in the new vehicle warranty and owner protection plan. The court in Prince said:
"Warranty limitation provisions in `Buyer's Order' documents and automobile service manuals have no effect on the implied warranty against hidden defects. Media Pro. Consult., Inc. v. Mercedez-Benz of N.A., Inc., supra, 262 La. 80, 262 So.2d 377.
"Although the buyer may waive the implied warranty against hidden defects (C.C. 1764(2) and 2548), the waiver must be clear and unambiguous. C.C. 2474; Andry v. Foy, 6 Mart. (O.S.) 689 (1819). In this case, no waiver of the implied warranty against hidden defects is contained in the `Sale and Chattel Mortgage' document. There is also no evidence that any alleged waiver clause was either brought to the purchaser's attention or explained to him."
It is apparent from a reading of that opinion that for a waiver to be effective, it must be contained in the Bill of Sale or in the sale and chattel mortgage and is not effective if contained in the retail buyer's order. It is also apparent from the opinion that the waiver must be clear and unambiguous, and it must be brought to the purchaser's attention or explained to him.
The waiver in the instant case, as in Prince, was contained in the retail buyer's *789 order.[2] The sale and/or chattel mortgage[3] was not introduced in evidence and does not form a part of this record on review. We might be inclined to remand the matter for the purpose of affording an opportunity for the introduction of the document (the sale and chattel mortgage) in evidence. However, this is vain and useless since the waiver cannot meet other requirements and, therefore, is not effective.
Here, there is no suggestion that the waiver is not clear or is ambiguous, and Anderson signed the buyer's order form on which the waiver of warranty was written above his signature. However, evidence is lacking that the waiver of warranty was brought either to the purchaser's attention or explained to him.
Anderson testified he was told that the entries on the retail buyer's form pertained to the purchase price, the monthly payments and the accessories on the automobile. Anderson stated further he did not read that part containing the waiver of warranty and was told by the salesman that his, plaintiff's, signature on the document showed him only to be the purchaser. According to plaintiff, the waiver of warranty was not pointed out or explained to him. Anderson reiterated that he had never heard of a waiver of warranty, and nothing was said to him about the waiver. It was brought out in evidence further that plaintiff is the beneficiary of only a 7th grade education and was employed at the New Orleans Passenger Terminal loading and unloading mail and baggage from trains.
Our evaluation of this testimony leads us to the conclusion that Anderson did not waive the warranty when he signed the buyer's order.
The trial judge concluded that plaintiff had difficulty with the automobile. The record clearly supports a determination that the defects complained of were of a redhibitory nature.
Anderson received delivery of the car on January 29, 1969. His daughter was driving from New Orleans to Tuskegee, Alabama, in March, 1969, and after having traveled approximately 100 miles, was forced to return to New Orleans because of a loud noise or knock in the motor. The automobile had been driven at that time 4,105 miles. According to the plaintiff, the automobile was returned to Bohn on this occasion. He stated he returned the vehicle to Bohn approximately ten times; however, the problem was not corrected. Anderson testified the automobile remained at Bohn on one occasion as long as a week and on another for three or four weeks. During this time, plaintiff was provided with a loaned vehicle.
Plaintiff further complained that the automobile stopped running twice, requiring the use of a tow truck. When Bohn was apparently unable to correct the complaint, plaintiff sought assistance from the Ford Motor Company Representative in the New Orleans area. Anderson has refused to accept the return of the vehicle.
A. D. Smith, the Zone Service Manager for Ford, stated that a partial motor rebuilding job was performed on August 7, 1969. This work, according to Smith, was described as a "short cylinder assembly" job. When this proved unsuccessful, a complete new motor was installed on September 2, 1969. At that time, the automobile had been driven 6,647 miles. It is apparent the automobile had a defective motor. This is clearly a redhibitory defect. LSA-C.C. art. 2520.
*790 We conclude, therefore, that the trial judge erred in dismissing plaintiff's action against Bohn Ford, Inc. Accordingly, that part of the judgment is reversed. Plaintiff is entitled to the return of the price of the automobile and the expenses incurred, including finance charges. See LSA-C.C. art. 2531. Thus, in addition to the purchase price of $6,267.00, plaintiff is entitled to the following expenses of the sale: (1) sales tax amounting to $205.00, (2) tag and title fees of $15.00, and (3) finance charges of $796.28.[4]
Although defendant may have attempted to rectify the difficulty as pointed out by the trial judge, there is no requirement that a purchaser who seeks redhibition must first afford the vendor an opportunity to repair the thing sold according to the language of the Supreme Court in Prince, supra.
In the instant case, as in the Prince case, defendant automobile dealer does not seek reimbursement for the use and benefit plaintiff derived while the car was in his possession. Therefore, Bohn Ford, Inc., is not entitled to be so reimbursed.
We now consider the third-party claim against Ford Motor Company by Bohn. In this regard, the same issue arises, i. e., the waiver of warranty, but in this instance between dealer and manufacturer. However, here the rights of these parties are fixed by the contractual agreement between them. See Cain v. Rapides Dodge, Inc., 207 So.2d 918 (La.App. 3rd Cir. 1968), where the court rescinded the sale of a new automobile but dismissed the third-party demand of the dealer against the manufacturer. In that case, the court concluded there was no evidence that Chrysler had not complied with its warranty obligation which was contained in the agreement between the dealer and manufacturer. However, it is clear from this case the court looked to the warranty waiver or warranty obligation as contained in the agreement between these parties.
The agreement in the instant case, dated August 10, 1964, reads in pertinent part as follows:
"There shall be NO OTHER WARRANTY, express or implied, including any implied warranty of MERCHANT-ABILITY OR FITNESS, or any other obligation on the part of the Company or the Dealer to the Dealer or the customer, with respect to any COMPANY PRODUCT except the warranty or warranties extended pursuant to this paragraph 10."
(Paragraph 10[5] contains provisions relating to the warranty from Ford Motor Company on particular company products to the dealer or to the purchaser.) These are restricted warranties on particular products.
The waiver in this document serves the same purpose as between dealer and manufacturer, that the waiver in the sale and chattel mortgage does as between purchaser and dealer. The first requirement for a waiver of warranty is met.
*791 While no particular reference to Louisiana law is made in the waiver between dealer and manufacturer (as was made in the purchaser's waiver), nevertheless, the language of this waiver is clear and unambiguous. The pertinent language in the agreement is as follows:
"There shall be NO OTHER WARRANTY, express or implied, including any implied warranty of MERCHANT-ABILITY OR FITNESS,"
The second requirement, then, for an effective waiver of warranty is met, i. e., that the waiver be clear and unambiguous. However, the record does not contain any parol evidence that the alleged waiver, as contained in the agreement, was either brought to the dealer's attention or explained to him (the third requirement). But, this third requirement as it relates to the dealer and the manufacturer is not as significant as that existing between the dealer and the purchaser. There is certainly a greater presumption that the dealer is more aware of the contents of an agreement than is a purchaser. The safeguards protecting the purchaser or the consumer must be more stringent than those protecting a presumably intelligent and knowledgeable dealer. The fact that the dealer signed the document and acknowledged by his signature that he accepts the conditions contained in the agreement are sufficient to meet the test that the waiver was brought to the dealer's attention. To conclude otherwise would destroy the stability of contracts. Presumably, persons established in business, as the dealer in this case and the manufacturer, are aware of the contents of the agreement between them.
We conclude, therefore, that the requirements for an effective waiver have been met, and Bohn waived the warranty against redhibitory defects.
Accordingly, the judgment of the trial court is reversed insofar as it rejected' plaintiff's demand for rescission against Bohn Ford, Inc. Judgment is now rendered in favor of plaintiff, Romalice Anderson, and against Bohn Ford, Inc., in the sum of $7,283.28, together with interest of 7 percent per annum from date of judicial demand until paid predicated on the transfer of title of the automobile to Bohn Ford, Inc. The judgment of the trial court dismissing Bohn's third-party demand against Ford Motor Company is affirmed. Costs are to be paid by Bohn Ford.
Reversed in part; affirmed in part.
NOTES
[1] LSA-C.C. art. 1764 reads as follows:

"All things that are not forbidden by law, may legally become the subject of, or the motive for contracts; but different agreements are governed by different rules, adapted to the nature of each contract, to distinguish which it is necessary in every contract to consider:
"1. That which is the essence of the contract, for the want whereof there is either no contract at all, or a contract of another description. Thus a price is essential to the contract of sale; if there be none, it is either no contract, or if the consideration be other property, it is an exchange.
"2. Things which, although not essential to the contract, yet are implied from the nature of such agreement, if no stipulation be made respecting them, but which the parties may expressly modify or renounce, without destroying the contract or changing its description; of this nature is warranty, which is implied in every sale, but which may be modified or renounced, without changing the character of the contract or destroying its effect."
and LSA-C.C. art. 2548 reads:
"The renunciation of warranty, made by the buyer, is not obligatory, where there has been fraud on the part of the seller."
[2] The language in the waiver in Prince and in the instant case is similar. However, in Prince the waiver was on the reverse side of the document. In the instant case, the waiver is on the front of the document and above the purchaser's signature.
[3] In the instant case, the purchaser financed $3,820.00 to be paid in 36 monthly installments of $128.23.
[4] Plaintiff testified that he made 36 monthly installments of $128.23, amounting to the total of $4,616.28. Of this amount, $3,820.00 was principal and $796.28 was finance charge.
[5] Paragraph 10 reads in part as follows:

"The Company from time to time shall advise its authorized dealers in COMPANY PRODUCTS in writing of the warranty or warranties applicable to COMPANY PRODUCTS. The Company shall extend such warranty or warranties either
"(i) to the Dealer in connection with each sale of a COMPANY PRODUCT by the Company to the Dealer, in which case the Dealer, on his own behalf, shall extend his own corresponding warranty to each purchaser of such a COMPANY PRODUCT from the Dealer, or
"(ii) to each customer of the Dealer in connection with the sale of a COMPANY PRODUCT by the Dealer to a customer, in which case the Dealer shall include such Company warranty, in the form and content specified by the Company, in each of his agreements for the sale of such a COMPANY PRODUCT to a customer and furnish a copy thereof to the customer upon delivery of that product. * * *"