332 So.2d 892 (1976)
Erma HENDRICKS, Plaintiff-Appellee,
v.
HORSELESS CARRIAGE, INC., et al., Defendants-Appellants.
No. 12921.
Court of Appeal of Louisiana, Second Circuit.
May 24, 1976.
*893 Jerry A. Kirby, Monroe, for defendants-appellants.
Bruscato & Loomis by Percy A. Ford, Jr., Monroe, for plaintiff-appellee.
Before BOLIN, HALL and MARVIN, JJ.
MARVIN, Judge.
Defendant used car dealer appeals from a judgment in a redhibitory action rescinding the sale of a used car and ordering return of the purchase price to plaintiff.
Defendant does not seriously contest the existence of latent redhibitory vices (defective brakes and transmission) but contends the purchaser expressly waived the warranty implied by law when she wrote on the bill of sale.

"I buy this car with no warranty

Mrs. Erma Hendricks"
The used car here was nine years old. It sold for $750. The defects in the braking system appeared some two weeks after the sale. We affirm the trial court.
The dealer further emphasizes that the transaction was consummated beneath a sign which was imprinted in eight inch letters:

"ALL CARS SOLD AS IS! [sic]

PLEASE TEST BEFORE BUYING"
The trial court resolved in the purchaser's favor factual conflicts as to what was said regarding the writing of the waiver and the purchaser's reading and understanding the sign. The lower court noted that the purchasera 39-year-old woman of 11 years schooling who was buying her first carwas not equal in experience to the dealer in used cars for many years.
La.C.C. Art. 2476 imposes on the seller a warranty against hidden defects of the thing sold or its redhibitory vices. Art. 2520 states that the redhibitory vice is a vice or defect in the thing sold which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the purchaser would not have bought the thing had he known of the vice. In Richardson v. French, 253 So.2d 602 (La.App.2d Cir. 1971) we noted that the seller warrants the thing sold is fit for the purpose intended and that this warranty could be expressly waived. See La.C.C. Arts. 2474, 2503 and cases cited in Richardson.
*894 Our holding there has been strengthened by more recent decisions of our highest court.[1] From these decisions and from Anderson v. Bohn Ford, 291 So.2d 786 (La. App.4th Cir. 1974), writ denied 294 So.2d 829 (La.1974), it is established that three elements must exist before a waiver is held to be effective:
(1) The waiver must be written in clear and unambiguous terms;
(2) The waiver must be contained in the sale and chattel mortgage document; and
(3) The waiver must either be brought to the attention of the buyer or explained to him.
Here, the contended waiver was contained in the sales and chattel mortgage instrument and it was brought to the attention of the purchaser, for it was she who wrote the terms thereon. The contended waiver here does not meet the clear and unambiguous test, however, and must be held ineffective.
Terms such as "no warranties of any kind or character" and "sold as is" have been repeatedly held not to have satisfied the requirement that the terms of the waiver shall be clear and unambiguous with respect to the waiver of the warranty of fitness. See in addition to the cases cited, Dunlap v. Chrysler Motors, 299 So.2d 495 (La.App.4th Cir. 1974); Lee v. Blanchard, 264 So.2d 364 (La.App.1st Cir. 1972); McLain v. Cuccia, 259 So.2d 337 (La.App. 4th Cir. 1972); Juneau v. Bob McKinnon Chevrolet, 260 So.2d 919 (La.App.4th Cir. 1972); and Stumpf v. Metairie Motor Sales, 212 So.2d 705 (La.App.4th Cir. 1968).
As in Richardson, supra, this plaintiff purchased the used automobile to get to and from her work. There we recognized that it would be impossible to establish an exact standard or description of the warranty applicable to the sale of used cars of varying ages and conditions. This impossibility also exists with respect to supplying legally sacramental language necessary to expressly waive the warranty of fitness because the intended use of any used automobile varies with the individual purchaser. Whether the warranty of fitness for a particular use or uses is waived by a purchaser is always a question of fact to be determined under the guidelines set forth herein. Each case must depend upon its own circumstances.
At appellant's cost, the judgment below is
AFFIRMED.
NOTES
[1] Hob's Refrigeration v. Poche, 304 So.2d 326 (La.1974); Rey v. Cuccia, 298 So.2d 840 (La.1974); Prince v. Paretti Pontiac, 281 So.2d 112 (La.1973); Media prod. v. Mercedes-Benz of North Amer., 262 La. 80, 262 So.2d 377 (1972).