337 So.2d 276 (1976)
Ronald EDWARDS, Plaintiff-Appellee,
v.
PORT AMC/JEEP, INC., Defendant-Appellant.
No. 12974.
Court of Appeal of Louisiana, Second Circuit.
August 31, 1976.
Rehearing denied September 27, 1976.
Writ Refused December 3, 1976.
*278 Gamm, Greenburg & Kaplan by Jack H. Kaplan, Shreveport, for defendant-appellant.
James L. Fortson, Shreveport, for plaintiff-appellee.
Before HALL, MARVIN and JONES, JJ.
En Banc. Rehearing denied September 27, 1976.
HALL, Judge.
Plaintiff, a young airman, brought this redhibitory action against the defendant automobile dealership for rescission of the sale of a used car and for return of the purchase price, finance charges, damages, and attorney's fees. Defendant answered denying the existence of any defects and pleading a waiver of warranty by plaintiff. After trial, pursuant to well reasoned written reasons for judgment, the district court ordered the rescission of the sale, ordered return of the purchase price plus finance charges in the total amount of $2,984, and awarded attorney's fees of $500. Plaintiff's demands for damages were rejected as not proven. Defendant appealed. Plaintiff neither appealed nor answered the appeal. We affirm the judgment of the district court.
Defendant contends the judgment of the district court is erroneous for several reasons. Defendant claims: (1) plaintiff failed to prove a redhibitory vice or that it existed at the time of sale; (2) the warranty against redhibitory vices was expressly waived by plaintiff; (3) plaintiff did not tender the car for repair by defendant; and (4) the parties cannot be returned to status quo because plaintiff abused the car after its purchase and had repair work done by third parties.

THE FACTS
On June 13, 1974, plaintiff, accompanied by a friend, went to the defendant automobile dealership seeking a used car and was shown a 1972 Gremlin by one of defendant's salesmen. Plaintiff, the friend, and the salesman took a test drive in the automobile. Plaintiff and his friend heard a grinding noise which seemed to come from the transmission and asked the salesman about the noise. The salesman told plaintiff this was a normal noise found in all 1972 Gremlins.
When plaintiff mentioned he wanted to take the car to a mechanic to have it checked out, the salesman told him he did not need to worry about that as it had been checked out by the shop mechanic at the dealership. The car had in fact been worked on in defendant's shop a few days earlier after it was taken in trade. The salesman assured plaintiff the vehicle was in sound condition but agreed to have it rechecked in defendant's shop. Later on in the day, the salesman advised plaintiff that the car had been rechecked and it was in good condition.
Plaintiff consummated the purchase of the Gremlin with defendant's used car sales manager. The car was priced at $1,995, but the deal consummated between the parties called for plaintiff to waive the dealer's usual thirty-day 50/50 warranty in exchange for a $200 reduction in the sales price. Plaintiff was concerned about the waiver of warranty and asked the used car manager about the effect of the waiver prior to signing it. The manager explained it was merely a waiver of the special used car warranty which generally provided that *279 the seller would pay fifty percent of any needed repairs for thirty days. Plaintiff was assured by the manager that in the event any major defects should develop in the vehicle defendant would take care of them.
The bill of sale contained the following provision, written and signed by plaintiff:
"I, the undersigned, understand no warranty is given because car reduced from $1,995 to $1,795. Signed/Ronald Edwards."
Plaintiff paid $500 cash and signed a note for $2,484. The note was subsequently negotiated by defendant to a finance company.
After the purchase, when plaintiff drove the car he continued to hear the noise which grew worse. Within a very few days, the first gear ceased to function and shortly thereafter the transmission ceased to function entirely. Plaintiff took the vehicle back to defendant's place of business in an effort to have the vehicle repaired but was referred to the finance company which had purchased his note. The finance company sent him back to defendant. Plaintiff talked to defendant's president who told plaintiff, in effect, that there was no warranty on the car and, after a heated exchange, ordered plaintiff to leave the premises.
Thereafter, plaintiff attempted to have the automobile repaired by some friends with mechanical experience. Two transmissions were purchased and installed but both malfunctioned. Some other repairs were attempted. The car became inoperable and remained in that condition to the time of trial. Formal demand for rescission of the sale was made, and the car was tendered back to defendant. The demand and tender were rejected, and this suit was filed.

PROOF OF DEFECTS
The evidence establishes that the automobile contained a serious defect in its transmission and that the defect existed at the time of the sale. The trial court found as a fact that the defect manifested itself within three days after the date of sale. LSA-C.C. Art. 2530 provides that if the vice has made its appearance within three days immediately following the sale it is presumed to have existed before the sale. Regardless of the presumption, the continuous chain of events occurring over a period of a few days, beginning with the noise in the transmission which was noticed on the day of sale, followed by the car "jumping out" of first gear and then by the first gear not working at all, and culminating with none of the gears functioning properly amply proves the defect and that it existed at the time of the sale.
The evidence further establishes that the nature of the defect was such that it rendered the automobile useless for the purpose for which it was purchased, or that its use was so inconvenient and imperfect that it must be supposed that the buyer would not have purchased the automobile had he known of the vice. LSA-C.C. Art. 2520.

WAIVER OF WARRANTY
Defendant contends plaintiff expressly waived any and all warranties, including the warranty against hidden defects or redhibitory vices.
LSA-C.C. Art. 2476 specifically imposes on the seller of a thing the obligation of warranting the thing he sells against hidden defects or redhibitory vices. Under the provisions of LSA-C.C. Art. 1764(2), the warranty implied in every sale may be modified or renounced. Such a renunciation or waiver, in order to be effective, must be written in clear and unambiguous terms, must be contained in the act of sale, and must either be brought to the attention of the buyer or explained to him. Hendricks v. Horseless Carriage, Inc., 332 So.2d 892 (La.App., 2d Cir. 1976).
The language relating to warranty written into the bill of sale in this case did not amount to a waiver of the warranty against hidden defects and redhibitory vices for several reasons. First, the language does not meet the clear and unambiguous *280 test. In Hendricks, this court held that terms such as "no warranties of any kind or character" and "sold as is" do not satisfy the requirement that the terms of the waiver shall be clear and unambiguous with respect to the waiver of the warranty of fitness. The language of the purported waiver considered in the Hendricks case is very similar to the language involved here.
Second, although the waiver was called to the attention of the plaintiff buyer and explained to him, the explanation was that the waiver was only of the special thirtyday 50/50 warranty usually given by the defendant in connection with the sale of used cars. The explanation given plaintiff by defendant's manager actually negated a waiver of the warranty against redhibitory vices in that plaintiff was told major defects which developed would be repaired by the seller.
Third, even if the language were construed to be a waiver of the warranty of fitness, the waiver or renunciation would not be binding on the buyer under the provisions of LSA-C.C. Art. 2548 which provides:
"The renunciation of warranty, made by the buyer, is not obligatory, where there has been fraud on the part of the seller."
The trial court found that under the evidence the defendant knew or should have known of the defects. The car was in defendant's shop on at least two occasions. On the second occasion it was put into the shop by the salesman for the specific purpose of investigating the cause of the grinding noise in the transmission. Defendant's salesman represented to plaintiff that the automobile had been rechecked and was in sound condition, when in fact it was not. Under these circumstances, plaintiff would not be bound by a waiver or renunciation of the warranty of fitness.

OPPORTUNITY TO REPAIR
Defendant contends plaintiff is barred from bringing this redhibitory action or at least is limited to recovery of the cost of repairs because plaintiff did not give defendant an opportunity to repair the vehicle, citing LSA-C.C. Art. 2531 as amended by Act 673 of 1974.
Pretermitting discussion of issues which might be raised by this contention, such as whether the 1974 amendment is applicable in this case involving a sale made prior to the effective date of the amendment and whether the amendment applies to vices of the nature involved in this case, the short and direct answer to defendant's contention is that the evidence plainly discloses that plaintiff did afford defendant an opportunity to repair which opportunity defendant flatly rejected, claiming no responsibility. Further, this case is not governed by LSA-C.C. Art. 2531 which applies to a seller who knew not the vices of the thing but is governed by LSA-C.C. Art. 2545 applicable to a seller who knows the vice of the thing he sells and omits to declare it.

NEGLIGENT OPERATION OF THE VEHICLE AND REPAIRS BY THIRD PARTY
Defendant contends plaintiff is not entitled to rescission of the sale because he cannot return the parties to status quo by reason of his negligent and abusive operation of the vehicle after its purchase and because of attempted repairs of the car by third parties.
The evidence does not support defendant's contention that plaintiff abused or improperly maintained the car after its purchase. To the contrary, the evidence discloses plaintiff made reasonable efforts to have the defect corrected. In attempting to have the automobile repaired by third parties after defendant disclaimed any responsibility, plaintiff acted reasonably and the steps he took were calculated to minimize the damages to both parties. The attempted repairs did not so alter the condition of the automobile that the seller cannot be restored to status quo by return of the vehicle. See LaFleur v. Bryce Machinery Corporation, 294 So.2d 498 (La.1974).

*281 ALTERNATIVE MOTION TO REMAND
After briefs were filed and after oral argument in this court, defendant filed an alternative motion to remand alleging that the automobile was actually returned to defendant by plaintiff the day before oral argument and the odometer showed the car had been driven over 3,000 miles after the sale, whereas plaintiff testified on trial it had only been driven two or three hundred miles. Defendant asks that the case be remanded for the taking of further evidence in this regard.
The number of miles the car was driven after purchase is not a significant fact in this case and would not alter the decision. Defendant did not reconvene or otherwise plead an offset or credit for plaintiff's use of the automobile. The evidence as to the odometer reading was readily available to defendant prior to trial. The motion to remand is denied.

DECREE
For the reasons assigned, the judgment of the district court is affirmed at defendant-appellant's cost.
Affirmed.