BAILES, Judge.
Plaintiff initiated executory proceedings on February 6, 1978, against the defendant for collection of a promissory note given in part payment of a Chevrolet automobile purchased from Lamar-Lane Chevrolet, Inc., secured by chattel mortgage on said vehicle. On March 1, 1978, defendant sought and obtained in the district court a preliminary injunction against the sale of the automobile. Plaintiff appealed the judgment granting the preliminary injunction.
On March 1, 1978, the defendant filed a petition for a preliminary injunction seeking to halt all further action in this suit. The petition alleges that suit number 24,118 on the docket of the 23rd Judicial District Court, Parish of Ascension, captioned “Donald J. Daniels vs. Lamar-Lane Chevrolet, Inc., and General Motors Corporation” was pending as of the time of the filing of this foreclosure suit and that the injunction should issue since the prior suit is an action in redhibition which seeks to rescind the sale of that vehicle. The penden-cy of the redhibitory action is admitted.
The matter was heard on March 10, 1978, at which time the district judge determined that the injunctive relief requested by the defendant was proper.
It is contended that this judgment should be reversed because the purchaser contractually waived any action in redhibition as to this plaintiff due to the terms of the “Sale and Chattel Mortgage” executed in connection therewith and, further, that since an executory proceeding is “in rem” in nature, it should not be affected by the defense of redhibition.
The jurisprudence of this state has approved a waiver of express or implied warranties under certain circumstances by a consumer when purchasing merchandise. The requirements for such a waiver were recently set out in Hendricks v. Horseless Carriage, Inc., 332 So.2d 892 (La.App.2d Cir. 1976) as follows:
“[1] * * * In Richardson v. French, 253 So.2d 602 (La.App.2d Cir. 1971) we noted that the seller warrants the thing sold is fit for the purpose intended and this warranty could be expressly waived. See La.C.C. Arts. 2474, 2503 and cases cited in Richardson.
“[2] Our holding there has been strengthened by more recent decisions of our highest court.1 (Footnote omitted) From these decisions and from Anderson v. Bohn Ford, 291 So.2d 786 (La.App.4th Cir. 1974), writ denied 294 So.2d 829 (La. 1974), it is established that three elements must exist before a waiver is held to be effective:
(1) The waiver must be written in clear and unambiguous terms;
(2) The waiver must be contained in the sale and chattel mortgage document; and
(3) The waiver must either be brought to the attention of the buyer or explained to him.”
As no testimony has been taken in this case, we do not know whether the waiver was brought to the attention of the buyer or explained to him. Absent such proof, the validity of the waiver cannot be approved at this time, although all parties will have the right to a hearing on this issue in the redhibitory action presently pending.
We are also unable to agree with the appellant’s contention that because an exec-utory proceeding is an action “in rem” that it should not be subject to the consequences of a redhibitory action. It has long been *1171 recognized in this state that injunctive relief is proper in such circumstances. This rule has arisen because the action in redhi-bition, if successful, operates as an extin-guishment of the obligation. Coco v. Mack Motor Truck Corp., 235 La. 1095, 106 So.2d 691 (1958); Bickham Motors, Inc. v. Crain, 185 So.2d 271 (1st Cir. 1966).
Code of the Civil Procedure Article 2751 provides:
“The defendant in the executory proceeding may arrest the seizure and sale of the property by injunction when the debt secured by the mortgage or privilege is extinguished, or is legally unenforceable, of if the procedure required by law for an executory proceeding has not been followed.”
The relief obtained in the district court is, therefore, specifically allowed and included among the articles providing for executory process and is available without regard to the “in rem” nature of an executory proceeding.
Accordingly, for the foregoing reasons, the judgment appealed is affirmed at appellant’s cost.
AFFIRMED.