DOUCET, Judge.
This is an action in redhibition brought by plaintiffs for a reduction in the purchase price of a house sold to them by defendants. The district court found that the house contained a redhibitory vice and awarded a reduction of the purchase price in an amount sufficient to cure the defect. Defendants have appealed. For reasons which will follow, we reverse and remand this case to the district court for additional findings of fact.
On October 18, 1976, defendant, James J. Laperouse, sold a house and lot in New Iberia, Louisiana to plaintiffs, Roger J. and Joan Perron Matt. The act of sale recited that it was made “with full warranty of title” and contained no warranty restrictions of any kind. At the time of the purchase, plaintiffs had been living in the house for approximately two months, beginning in August of that year. They contin *1285 ued to do so until some time in early 1977 and subsequently sold the home to Mr. and Mrs. Russell Romero.
As a result of complaints by the Romeros about the performance of the central air conditioning unit in the house, plaintiffs engaged Mr. Steve Morgan, accepted by the trial court as an expert in the field of residential air conditioning. Mr. Morgan found that the air conditioning system was too small to produce a satisfactory differential between the temperatures inside and outside the home, except when the outdoor summer temperatures were relatively mild. The air conditioning unit was, therefore, replaced at a cost to the Matts of $875.00. The purchase price was reduced by that amount by the judgment of the district court.
The issues before this court on appeal are:
(1) Whether the central air conditioning unit was so deficient that it constituted a redhibitory vice, and
(2) Whether the limitation of warranties provided for in LSA-C.C. Article 2474 is the exclusive means by which a seller may escape liability for vices of the things he sells.
I
In Bermes v. Facell, 328 So.2d 722 (La.App. 1st Cir. 1976), which was relied on by the trial court, our brethren on the first circuit held that a central air conditioning system that was inadequate to cool the house with which it was sold constituted a redhibitory vice. We agree with that conclusion. Furthermore, there is ample testimony, both lay and expert, in the record before us to support the trial court’s finding that the air conditioning system was inadequate.
Defendants argue that despite the above, the air conditioning system could not constitute a redhibitory vice, because plaintiffs had lived in the house for two months prior to the sale and must have known of its performance. LSA-C.C. Article 2521 provides:
“Apparent defects, that is, such as the buyer might have discovered by simple inspection, are not among the number of redhibitory vices.”
The trial court concluded, and we think properly so, that although August is normally one of the hottest months of the year in this area, due to the particular weather conditions at that time, the habits of the plaintiffs, etc., the deficiency in the air conditioning system might not have been apparent to them. The court’s refusal to impute knowledge of the defect from the mere fact that plaintiffs had lived in the house prior to the sale was not unreasonable and will, therefore, not be disturbed.
II
Our Supreme Court in Rey v. Cuccia, 298 So.2d 840 (La.1974), said the following with regard to the sale of products with hidden defects:
“In Louisiana sales, the seller is bound by an implied warranty that the thing sold is free of hidden defects and is reasonably fit for the product’s intended use. Civil Code Articles 2475, 2476, 2520; Media Production Consultants, Inc. v. Mercedes-Benz of North America, Inc., 262 La. 80, 262 So.2d 377 (1972). The seller, of course, can limit this warranty by declaring to the buyer the hidden defects at the time of the sale, Article 2522, or can otherwise limit his obligations as seller, providing he do so clearly and unambiguously, Article 2474.” (emphasis added)
It is clear from the above language and the Civil Code articles to which it refers that there are two means by which the seller can limit his implied warranties.
The district court was apparently only cognizant of the limitation of warranties contemplated by LSA-C.C. Article 2474, which provides:
“The seller is bound to explain himself clearly respecting the extent of his obligations: any obscure or ambiguous clause is construed against him.”
This provision has been construed to mean that although the implied warranties of the seller may be waived or renounced by the *1286 buyer, it must be done by clear and unambiguous language in the act of sale or chattel mortgage document. See Edwards v. Port AMC/Jeep, Inc., 337 So.2d 276 (La. App. 2nd Cir. 1976), writ denied 339 So.2d 854 (La.1976); Hendricks v. Horseless Carriage, Inc., 332 So.2d 892 (La.App. 2nd Cir. 1976).
The judgment of the district court is clearly correct with respect to the above. However, LSA-C.C. Article 2522 provides:
“The buyer cannot institute the redhi-bitory action, on account of the latent defects which the seller has declared to him before or at the time of the sale.' Testimonial proof of this declaration may be received.”
Mr. Laperouse testified that he had informed Mr. Matt prior to the sale that due to an addition made to the house after the installation of the central air conditioning system, additional air conditioning in the form of a window unit would be needed in order to adequately cool the house. Mr. Matt denied having been so informed.
The district court did not make a finding on this issue, yet under the terms of Article 2522 plaintiffs were not entitled to bring this redhibitory action if they had in fact been informed of the existence of the defect. Therefore, the court erred in failing to make this determination.
For the above and foregoing reasons, the judgment of the trial court is reversed and set aside and this matter is remanded to the district court for further proceedings consistent with the views expressed herein. Costs of this appeal are to be assessed one-half to the plaintiff-appellee and one-half to the defendant-appellant.
REVERSED AND REMANDED.