LABORDE, Judge.
This is the second visit to this court by the litigants in an action in redhibition brought by plaintiffs for reduction in the purchase price of a house sold to them by defendants. In the original suit, judgment was granted in favor of the plaintiffs. This court, Matt v. Laperouse, 371 So.2d 1284 (La.App.1979) reversed and remanded the case to the trial court. The trial court was directed to make a factual determination as to whether or not the plaintiffs had been informed of the existence of the defect (inadequate air-conditioning unit) by the defendants.
The essential facts are as follows: On October 18, 1976, defendant, James J. La-perouse, sold a house and lot in New Iberia, Louisiana to plaintiffs, Roger J. and Joan Perron Matt. The act of sale recited that it was made “with full warranty of title” and contained no warranty restrictions of any kind. At the time of the purchase, plaintiffs had been living in the house for approximately two months, beginning in August of that year. They continued to do so until some time in early 1977 and subsequently sold the home to Mr. and Mrs. Russell Romero.
As a result of complaints by the Romeros about the performance of the central air conditioning unit in the house, plaintiffs engaged Mr. Steven Morgan, accepted by the trial court as an expert in the field of residential air conditioning. Mr. Morgan found that the air conditioning system was too small to produce a satisfactory differential between the temperatures inside and outside the home, except when the outdoor summer temperatures were relatively mild. The air conditioning unit was, therefore, replaced at a cost to the Matts of $875.00.
Judgment was granted in favor of plaintiffs in the amount of $875.00 plus $200 attorneys fees and costs.
Following the remand by this court, the district court again found in favor of the plaintiffs. We quote from the court’s written reasons for judgment:
“This is a ease in redhibition. The Court previously gave judgment in favor of plaintiffs and against defendants. Judgment was awarded in an amount which was proven and which had been prayed for by plaintiffs.
In considering the matter, the Court did not consider certain testimony of the plaintiffs and defendants. This testimony was on the question of whether the defendants had declared to the plaintiffs that the air conditioning system was inadequate because of the fact that an addition had been made to the house since its original construction, LSA-C.C. Article 2522. The defendant, James J. Laper-ouse, stated that because the porch had been closed in and been made part of the *980 interior of the house, that it had added space to be cooled. He further alleged that the original air conditioning unit would have to be supplemented by a window unit to adequately cool the house and that he had so advised the plaintiffs. The plaintiffs deny that the defendants made any such declaration to them whatsoever.
The Court did not consider these conflicting statements of plaintiffs and defendants. The Court felt that since the bill of sale conveying this property by the defendants to the plaintiffs was warranty deed without restriction, that parole evidence seeking to show limitations or a variance from the warranty deed was not admissible in evidence. The Court of Appeal reversed on the basis of Article 2522 of the Louisiana Civil Code which reads as follows:
‘The buyer cannot institute the redhibi-tory action, on account of the latent defects which the seller has declared to him before or at the time of the sale. Testimonial proof of this declaration may be received.’
The Court of Appeal held that the District Court should have considered the evidence and testimony of the parties and should have made a finding with respect to this evidence. The case was remanded for further proceedings in accordance with the Court of Appeal’s findings.
On joint motion of counsel for plaintiffs and defendants, the Court was requested to decide the matter on the basis of the evidence that was previously taken in case. The Court has done so. It is the Court’s judgment that the preponderance of the evidence is in favor of the plaintiffs, Mr. and Mrs. Roger Matt, and against the defendants, Mr. and Mrs. James J. Laperouse. A re-reading of the transcript and a consideration of all of the evidence convinces the Court. The Court finds that the defendants did not notify the plaintiffs prior to the sale that additional air conditioning would be necessary to cool the house.
Accordingly, there will be judgment in favor of plaintiffs and against the defendants as prayed for by plaintiffs.
Further there will be judgment in the amount of $200.00 as attorney’s fees for plaintiffs’ attorney and $50.00 as expert witness fees for Steve Morgan.
Costs of Court to be assessed to defendant.”
The standard of review in a factual dispute such as the one before us was explained in Canter v. Koehring, 283 So.2d 716 (La.1973):
“When there is evidence before the trier of facts which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.”
In Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), the Supreme Court defined manifestly erroneous as meaning clearly wrong.
Our review of the record does not reveal that the trial judge’s factual determination, that plaintiff had not been advised of the inadequate air conditioning system, was manifestly erroneous.
For the foregoing reasons, the judgment of the trial court is affirmed. All court costs are assessed to defendants-appellants.
AFFIRMED.