638 So.2d 1153 (1994)
Arthur EVANS
v.
Joseph WAGUESPACK, Sr., et al.
No. 93 CA 1709.
Court of Appeal of Louisiana, First Circuit.
June 24, 1994.
*1155 Jean E. Senac, New Orleans, for plaintiff/appellant Arthur Evans.
Andre G. Coudrain, Alton B. Lewis, Hammond, for defendant/appellee Citizens Bank.
Kenneth Ross, Hammond, for defendant/appellee T.J. Seale, III.
Before LOTTINGER, C.J., and CRAIN and LeBLANC, JJ.
CRAIN, Judge.
Plaintiff, Arthur Evans, the purchaser of certain real property in Washington Parish, appeals from the judgments of the district court dismissing his suit against Citizens National Bank (hereafter "Citizens Bank") which financed the transaction, and the Law Office of Seale, Macaluso, Ross, Rolling and Walker (hereafter, "Seale Firm"), which performed the title search. We affirm the judgments of the district court.
On July 10, 1984, Arthur Evans purchased a ten acre tract of land in Washington Parish from Joseph Waguespack, Sr. and Jo Ann Bonvra Waguespack for $30,000. The transaction was financed by Citizens Bank, and the bank took a mortgage on the property to secure the indebtedness. The title search was performed by the Seale Firm.
Plaintiff defaulted on the loan and Citizens secured a judgment against him on February 12, 1988. The judgment was for the amount of the outstanding indebtedness and recognized the mortgage held by the bank. On June 29, 1988, Citizens foreclosed on the property and acquired it at the Sheriff's sale. In a quitclaim deed, dated January 17, 1990, the Bank conveyed this property and another tract of land in Livingston which was formerly owned by this debtor-plaintiff, back to him. The purchase price, which included refinancing of the deficiency judgment, was $20,000.00. On May 29, 1991, plaintiff became aware of a defect in the title to the property he owned.
On May 29, 1992, plaintiff filed the present suit wherein he sought recision of the sale, restitution of the purchase price, and damages in tort and/or in contract.
On November 17, 1992, Citizens Bank answered the suit.
On February 18, 1993, Citizens filed a motion for summary judgment with supporting memorandum and an affidavit of one of the bank's officials who was familiar with the transaction.
On April 14, 1993, plaintiff filed an opposition to the motion for summary judgment. An affidavit in support of the opposition was also filed.
On February 24, 1993, the defendant Seale Firm filed a peremptory exception of prescription and, in the alternative, a peremptory exception of no cause and no right of action.
On April 11, 1993, an amended petition was filed.
On April 21, 1993, summary judgment was rendered in favor of Citizens Bank dismissing plaintiff's suit against them.
Plaintiff opposed the peremptory exceptions of prescription and no cause and right of action on May 13, 1993.
In a judgment rendered on May 27, 1993, the district court granted the exceptions of prescription and no cause and no right of action dismissing plaintiff's suit against the Seale Firm.
Plaintiff filed this appeal on June 14, 1993.

Seale Firm

No Cause Nor Right of Action
Plaintiff contends the trial court erred in sustaining defendant's peremptory exceptions because the Seale Firm warranted that the seller, Evans, possessed good title, when in fact he did not.
In support of the action of the trial court on the exception of no cause and/or right of action, the Seale Firm alleges that there was no privity of contract and no attorney-client relationship exists between them and plaintiff. They contend that the title exam was conducted solely for Citizens.
*1156 In opposition, plaintiff alleges that he paid for the title opinion and, for that reason, the Seale Firm was employed by plaintiff.[1]
The exception of no cause of action raises the issue as to whether the law affords a remedy to anyone for the particular grievance alleged by plaintiff, while the exception of no right of action is employed in cases where the law affords a remedy, but questions whether plaintiff belongs to the particular class in whose exclusive favor the law extends a remedy, or raises the issue as to whether plaintiff has the right to invoke a remedy which the law extends only conditionally. Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (1972).
An exception of no cause of action is to be judged solely on the allegations presented in the petition. La.C.C.P. art. 931. Evidence may be presented to support or controvert an exception of no right of action, if such matter is heard at or prior to trial. La.C.C.P. art. 931.
In this case, no evidence was presented at the hearing on the exceptions. The petition presents the following allegations concerning this defendant:
* * * * * *
III.
Said sale of the above described property was passed by authentic act by defendant T. Jay Seale, III and recites in part:
... unto the said Purchaser and purchaser's heirs, successors and assigns, in full property forever free from any lien, mortgage, privilege or encumbrance whatsoever, with full and general warranty of title, and with full subrogation of all rights of warranty and other rights as held therein by said vendor.
IV.
Unknown to plaintiff the above described property purchased on July 10, 1984 contains several serious clouds and defects upon the title to same to such extent that plaintiff cannot now sell the property. These defects are of such a serious nature that if known to plaintiff, he would not have purchased same.
V.
Said defects in the title conveyed to plaintiff were open and obvious in the public records of Washington Parish and were discovered and related to plaintiff on May 29, 1991. Plaintiff avers that the defects should have been discovered by defendant Seale and/or the law offices above named and the failure to discover said defects and advise plaintiff prior to the purchase constitutes negligence rendering defendant Seale, the above named law office and the XYZ Insurance Company liable jointly, severally and in solido unto plaintiff.

* * * * * *
The petition was amended to state the following additional allegations:
* * * * * *
VII.
Defendant Citizens National Bank is an ancestor in title of plaintiff herein by virtue of a sheriff's deed acquired through foreclosure. As the immediate vendor of the clouded property to plaintiff, defendant Citizens National Bank is liable unto plaintiff for breach of warranty in the conveyance of the subject property.
VIII.
Furthermore, on information and belief of plaintiff, defendant C.N.B. while the titled owner of the subject property knew or should have known of the defects in said title and neglected to inform and/or warn plaintiff of the said defects.

* * * * * *
We conclude, as did the trial judge that plaintiff has not stated a cause of action nor does he have a right of action against the Seale Firm.
*1157 The transaction handled by the Seale Firm was for a title opinion regarding the transfer of ten acres of land from Joseph and Jo Ann Waguespack, Sr. to plaintiff for $30,000. The property was financed by Citizens National Bank, which held a mortgage on the property for the amount of the borrowed purchase price.
This property was thereafter foreclosed upon by Citizens National Bank, after plaintiff defaulted upon the loan he had made to purchase the property. Citizens Bank purchased the property on June 29, 1988 at the sheriff sale.
The property was transferred by quitclaim deed, with some additional property, to Arthur Evans on January 17, 1990.
In this case the title examination opinion was by its terms issued to "Citizens National Bank" and the owner of the property was listed as "Arthur M. Evans." The opinion specifically described the 10 acre tract of land in Washington Parish which was the subject of the opinion. The following limiting language was also contained in the opinion:
LIMITATIONS
I warrant merchantability of the title only to the person, partnership, corporation, agency, or institution listed above to whom this opinion is issued, and only for an amount not to exceed $30,000.00. This opinion is neither assignable nor heritable.... (Emphasis Added)
In this case it is clear from the language of the agreement that the opinion was limited solely to the property described (i.e., 10 acres tract in Washington Parish); the parties involved (i.e., a sale from Waguespack to Evans with a mortgage by Citizens National Bank) and, for the sum stated (i.e., $30,000).
Pretermitting a discussion of privity of contract as between the Seale Firm and Mr. Evans; if a duty existed, it was solely for this stated transaction and none other. Any rights arising from the opinion, whether in tort or contract, were "neither assignable nor heritable" by any subsequent owner. Thus, when the parties and transactions changed (i.e., by the foreclosure and resale) the obligation by the Seale Firm under the title opinion ceased.
For these reasons, the trial court correctly sustained this defendants' exceptions of no cause nor right of action.
We find it unnecessary, in view of our disposition of the exceptions of no cause nor right of action, to address the issue of prescription.

Citizens Bank

Summary Judgment
Plaintiff contends that material issues of fact exists and hence, summary judgment is improper as against Citizen's Bank.
In Sanders v. Hercules Sheet Metal Inc., 385 So.2d 772 (La.1980) the Louisiana Supreme Court discussed the necessary requirements for the grant of a motion for summary judgment. In Sanders, supra, at 774-775, the court stated:
* * * * * *
C.C.P. 967 provides in pertinent part: `When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.'
The 1966 Comment to C.C.P. 966 states that article 966 and article 967 were amended to accord with 1963 amendments to Rule 56 of the Federal Rules of Civil Procedure. The Notes of Advisory Committee on 1963 Amendment, Subdivision (e), the source provision of C.C.P. 967, observe, with respect to this question, that where `the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied, even if no opposing evidentiary matter is presented.' U.S.C. [sec] 28, Federal Rules of Civil Procedure Rule 56. It is for this reason that article 967 provides that in the absence of a sufficient response, summary judgment shall be rendered *1158 `if appropriate.' On motion for summary judgment the court must first determine whether the supporting documents presented by the moving party are sufficient to resolve all material fact issues. If they are not sufficient, summary judgment must be denied. Only if they are sufficient does the burden shift to the opposing party to present evidence showing that material facts are still at issue; only at this point may he no longer rest on the allegations and denials contained in his pleading.
In deciding whether all material issues have in fact been disposed of, any doubt is to be resolved against the granting of summary judgment and in favor of trial on the merits. Chaisson v. Domingue, 372 So.2d 1225 (La.1979); Employers' Surplus Line Ins. Co. v. City of Baton Rouge, 362 So.2d 561 (La.1978).
In this case the following pertinent allegations were made against Citizens National Bank:
In the original petition, plaintiff alleged that the actions of the Seale firm concerning the title search and legal opinion were negligent and that the defendant bank directed and approved those actions, thus making them liable in solido.
In the amended petition, plaintiff alleged that Citizens was an ancestor in title, by virtue of a sheriff's deed and that, as such, they were liable for breach of warranty. Additionally, Citizens knew of or should have known of the title defect and advised plaintiff.
In response to the petition, Citizens Bank filed an answer, wherein they admitted the property was originally transferred to plaintiff on July 10, 1984, and thereafter, by "quitclaim nonwarranty deed". They denied all other allegations of plaintiff's petition. In further answer, Citizens Bank averred that the bank acted in good faith and did not warrant good, valid or merchantable title. Additionally, the bank asserted that it did not "employ the expenses" of the Seale Firm and therefore, was not responsible for their actions.
In the alternative, Citizens sought offset against plaintiff, for his indebtedness to them, for any sum he may recover against them in this lawsuit.
Thereafter, Citizens Bank filed a motion for summary judgment. The motion was supported by a memorandum wherein Citizens denied employing the Seale Firm. Additionally, they denied knowledge of any title defect in the property. Further they alleged that the property was sold to plaintiff by a non-warranty quitclaim deed which would relieve Citizens of liability for any title defect. An affidavit by the bank vice president, Jack Gauthier, was also given in support of the motion. In the affidavit, Gauthier attested to the transactions which existed between them and the debtor-plaintiff concerning the subject property. He also averred that the bank had no knowledge of the alleged title defect and that the second transfer of the property, from the bank to the plaintiff was by a quitclaim deed.
In the opposition, plaintiff alleges that Citizens is his immediate ancestor in title, and, as such, is responsible under an implied warranty. He further alleges that the property contained a defect which was not waived because it was not fully explained to plaintiff. Finally, he alleges that a material issue of fact exist concerning the employer of the Seale Firm.
An affidavit in support of the opposition was filed by plaintiff wherein he alleged his limited education, a lack of knowledge of a defect in the title of the property and a lack of knowledge concerning the reacquisition by quitclaim deed. He also alleges that if he had knowledge of the defect that he would not have purchased the property.
Plaintiff contends the trial court erred in dismissing Citizens Bank on its motion for summary judgment. He argues that there exists material issues of fact and Citizens is not entitled to judgment as a matter of law. La.C.C.P. art. 966. In particular, plaintiff points to three remaining issues: (1) his right of subrogation as against prior owners and as against the defendant law firm which necessitates Citizens presence in this lawsuit; (2) his right of implied warranty; and (3) Citizens responsibility for its own actions in failing to warn him of the defective title.

*1159 Subrogation Rights

Plaintiff contends that a purchase without warranty nonetheless entitles him to be subrogated to any rights and actions his seller may have against all other sellers of the property. La.C.C. art. 2503. Mr. Evans reasons that because Citizens was an owner-vendor and ancestor in the chain of title, that he was subrogated to any rights in warranty that this prior owner had against all others in the chain of title, and against the attorneys who examined the title and closed the loan.
In this case plaintiff's current interest in the subject property is by virtue of a quitclaim deed. A quitclaim deed is one which purports to convey nothing more than the interest or estate in the property described of which grantor is seized or possessed, if any, at the time, rather than the property itself. Osborn v. Johnston, 322 So.2d 112 (La., 1975), citing Waterman v. Tidewater, 213 La. 588, 35 So.2d 225 (1947). A quitclaim is in the nature of a sale and the rules governing sales apply. Armstrong v. Bates, 61 So.2d 466 (La.App. 1st Cir.1952).
Although a seller transfers without any warranty, the buyer is nonetheless subrogated to the seller's rights and actions in warranty against all others. La.C.C. art. 2503. Hoggatt v. Halcomb, 250 So.2d 471 (La.App. 2nd Cir.1971).
The subject property was first transferred from Joseph and Jo Ann Waguespack to plaintiff "with full and general warranty of title and with full subrogation to all rights of warranty ..." The property was thereafter transferred by sheriff's deed to Citizen's National Bank with "all of the right title and interest and claims which said defendant (i.e., Evans) has or had in and to the same". The bank then conveyed "any interest that vendor (i.e., Citizen's) may have in and to the above described property."
In this case the last vendors in the chain of title to transfer the property with full warranty were Joseph and Jo Ann Waguespack. These prior owners and plaintiff's vendors are already named defendants in this action. Additionally, since plaintiff is not required to first proceed against the bank as its immediate vendor to reach these prior vendors, the trial court acted correctly in granting Citizens' dismissal in this regard. See: Hoggatt v. Halcomb, supra.
With regard to the Seale Firm, plaintiff reasons that the Bank has a cause of action against them for the negligence of the attorneys in failing to ascertain the cloud on the subject title. Plaintiff argues that he is also subrogated to those rights. We disagree.
As was discussed previously, the duty owed by the law firm in this case was restricted by the terms of the agreement and were extinguished with the extinction of the mortgage, through the subsequent devolution of the property. Additionally, even assuming arguendo that the recourse against the law firm is a right to which plaintiff could be subrogated, since the bank no longer has a right against the law firm, a fortiori neither can plaintiff have one derivatively.
The issue of subrogation rights is not a material issue of fact which would defeat summary judgment.

Implied Warranty
Plaintiff next argues that the trial court erred in dismissing Citizens on the basis of the quitclaim and in that such a holding violates Louisiana Civil Code article 2505. Based upon this article, plaintiff contends that he purchased the subject property without warranty but with the implied warranty against eviction, which would entitle him to proceed against Citizens for recovery of the purchase price.
Louisiana Civil Code Article 2505 provides:
La.C.C. Art. 2505. Restitution of price in case of eviction, exception
Even in case of stipulation of no warranty, the seller, in case of eviction, is liable for a restitution of the price, unless the buyer was aware, at the time of the sale, of the danger of the eviction, and purchased at his peril and risk.
Initially, in consideration of La. Civil Code Art. 2505, we find that under the current set of facts, plaintiff falls within the exception to the general rule.
*1160 Generally, in Louisiana, there exists an implied warranty against eviction in all sales. La.C.C. 2501. This warranty may be excluded by mutual agreement of the parties. La. C.C. art. 2503. A quitclaim deed, by its very nature, is a transfer of the vendor's interest without warranty. Sabourin v. Jilek, 128 So.2d 698 (La.App. 4th Cir.1961). It is clear that when plaintiff accepted transfer by a quitclaim deed that he "purchased at his peril and risk" and he "was aware" (or should have been) of "the danger of eviction". Under these circumstances plaintiff had no warranty against eviction, because he had specifically agreed to the contrary.
This allegation lacks merit.

Personal ActionsDuty to Warn
Finally, plaintiff argues that a sale without warranty nonetheless makes the seller responsible for his personal actions. As such, he contends that since Citizens was aware of the defect in title, they had a duty to warn him of the same.
Louisiana Civil Code articles 2504 reads as follows:
La.C.C. Art. 2504. Liability of seller for personal acts
Although it be agreed that the seller is not subject to warranty, he is, however, accountable for what results from his personal act; and any contrary agreement is void.
Therefore, in the absence of warranty, a seller is nonetheless accountable for his own actions. La.C.C. Art. 2504. Cattle Farm Inc. v. Abercrombie, 211 So.2d 354 (La.App. 4th Cir.1968).
In this case plaintiff alleges that Citizens Bank was aware of the title defect and had a duty to inform plaintiff of the defects in title. He relies upon Hendricks v. Horseless Carriage, Inc., 332 So.2d 892 (La.App. 2nd Cir. 1976) in support of his position. The Hendricks case, id., involved the sale of chattel, a used car, which contained a redhibitory vice. The seller attempted unsuccessfully to waive the implied warranty of fitness in the sale. The court disallowed the waiver because it was not clear and unambiguous.
This case is factually and legally distinguishable from Hendricks, id. The Hendricks sale was a conventional act of sale of chattel, with a stipulation waiving the warranty of fitness. This case involves the transfer of an interest in real property, if in fact any such interest existed. The act was a quitclaim deed and was by its nature a transfer without the implied warranties which normally accompany such a sale.
We know of no requirements, as those set forth in Hendricks, id., applicable to quitclaim deeds, nor has plaintiff cited any such authority.
For these reasons we find Hendricks, id., inapposite. Since the only "personal act" under La. Civil Code Article 2504 which plaintiff alleges was the duty to inform or warn, and since we find no such duty existed legally, the trial court properly granted summary judgment on this issue.
For these reasons the ruling of the trial court in granting summary judgment in favor of Citizens Bank was correct.
The judgment of the district court sustaining the exceptions of no cause and no right of action in favor of the Seale Firm are affirmed. The judgment of the district court granting summary judgment in favor of Citizens Bank is affirmed. Costs are to be borne by plaintiff.
AFFIRMED.
LeBlanc, J., concurs.
NOTES
[1] Since we dispose of this issue on other grounds, we decline to address, as unnecessary, the issue of whether or not this opinion, allegedly paid for by Mr. Evans, entitled him to any rights as a contractual party with its preparer.