Dear Mr. Olsen:
You have requested an opinion of this office as to whether "as-is" sales are incompatible with the implied warranty of fitness pursuant to Louisiana Civil Code Article 2520.
Under Louisiana law, a seller is bound to two principal obligations, that of delivering and that of warranting the thing which he sells. La. Civ. Code art. 2475. The warranty respecting the seller has two objects: the first is the buyer's peaceable possession of the thing sold, and the second is the hidden defects of the thing sold or its redhibitory vices. La. Civ. Code art. 2476. The theoretical definition of redhibitory vices is found in Article 2520 which states:
 "Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice."
These articles when read together give rise to an implied warranty of fitness.
Article 1764(2) of the 1870 Civil Code expressly allowed modification or renunciation of the implied warranty on the theory that warranty is of the nature but not of the essence of the contract of sale. William F. Redmann, Redhibition InLouisiana: Its Uses and its Problems Today, 50 Tul. L. Rev. 531, 545 (1975). Although Article 1764(2) has since been repealed, Louisiana courts allow a lawful disclaimer of the implied warranty by applying Article 1971, which states:
 "Parties are free to contract for any object that is lawful, possible, and determined or determinable."
However, this disclaimer is subject to the restriction found in Article 2474 which states:
 "The seller is bound to explain himself clearly respecting the extent of his obligations: any obscure or ambiguous clause is construed against him."
The courts in construing Article 2474 have held that three conditions must be met before a waiver will be held effective:
1. The waiver must be written in clear and unambiguous terms;
 2. The waiver must be contained in the sale and chattel mortgage document;
 3. The waiver must either be brought to the attention of the buyer or explained to him.
Hendricks vs. Horseless Carriage, Inc., 332 So.2d 892 (La.App. 2d Cir. 1976)
A typical situation in which the issue of waiver may arise is the sale of motor vehicles "as is". Louisiana courts reject "as is" as insufficiently explicit to renounce the warranty of fitness for the things ordinary use. See William F. Redmann, supra. The courts have stated that a sale made "as is" does not relieve the vendor of the implied warranty for the use intended. It means only that the thing is not warranted to be in perfect condition and free of all defects which prior usage and age may cause.Sanders vs. Sanders Tractor Company, Inc. 480 So.2d 913
(La.App. 2 Cir. 1985) Thus, to answer your question, an "as is" sale is incompatible with the implied warranty of fitness only to the extent that the seller does not communicate to the buyer in clear and unambiguous terms the fact that the warranty is being waived.
In addition to the implied warranty of fitness found under the Louisiana Civil Code, car dealers are also subject to regulation by the Federal Used Car Rule. The rule requires clear disclosure through a window sticker, called the "Buyers Guide" of any warranty coverage and the terms and conditions of any dealer-offered warranty, including the duration of warranty coverage and the percentage of total repair costs that the dealer will pay. The rule also requires certain additional disclosures on the Buyer's Guide including a suggestion that consumers ask the dealer if a pre-purchase inspection is permitted, a warning against reliance on spoken promises that are not confirmed in writing, and a list of the fourteen major systems of an automobile and defects that can occur in these systems.53 F.R. 17660.
There are two versions of the Buyers Guide. The "As Is — No Warranty" version is for vehicles offered without any express or implied warranties. The "Implied Warranties Only" version is for states which limit or prohibit the sale of vehicles "as is". The obvious question here is what version should Louisiana dealers be using?
The Used Car Rule Staff Compliance Guidelines does shed some light upon this question in the form of two illustrations found at pages 20-21. 53 F.R. 17660. Illustration 3.1 poses the following question:
 "You are offering a used vehicle for sale in a state that prohibits you from selling used vehicles "as is". Do you have to replace the "As Is — No Warranty" disclosure with the "Implied Warranties Only" disclosure on the Buyers Guide?"
The answer is yes. The "Implied Warranties Only" disclosure must appear on the Buyers Guide in the place of the "As Is — No Warranty" disclosure if (1) the vehicle is offered for sale in a state which prohibits "as is" sales, or (2) you decide to offer implied warranties, but no other warranties. Louisiana does prohibit "as is" sales as defined by the Used Car Rule — vehicles offered without any express or implied warranties. Further evidence of this prohibition can be found in Sanders, supra, in which the court stated that a sale made "as is" does not relieve the vendor of the implied warranty for the use intended. It means only that the thing is not warranted to be in perfect condition and free of all defects which prior usage and age may cause.
The Guidelines also address the issue of "As-Is" sales and waiver of the implied warranty by posing the following question found in Illustration 3.2:
 "You offer all your used vehicles for sale on an `as is' basis. Under the laws of your state, you must prepare a warranty disclaimer form, using specific language required by state law, and have the buyer sign the form. Can you display the form instead of the Buyers Guide?"
The answer is no. The state law requirement does not affect a dealer's obligation to prepare and post a Buyers Guide on the used vehicle, nor will the Buyers Guide Substitute for a state required form. Simply put, the "Implied Warranties Only" version of the Buyers Guide may be waived if the three conditions enunciated in the Hendricks decision, supra, are satisfied.
Although Attorney General Opinion 88-158 states that the use of the "As Is — No Warranty" Buyers Guide, along with a clear wording of an explanation of what is being waived and the otherHendricks requirements are sufficient to waive implied warranties, this is an erroneous statement of the law. The "As Is — No Warranty" version of the Buyers Guide is in direct conflict with Louisiana's implied warranty of fitness. As stated previously, the definition of a sale "As Is" in the Used Car Rule is different from the jurisprudential definition found inSanders, supra. Furthermore, protection of consumers against oral misrepresentations and unfair omissions of material facts by used car dealers concerning warranty coverage is one of the goals of the Used Car Rule. Thus, it would seem unwise to use the "As Is — No Warranty" Buyers Guide since it tends to mislead consumers concerning warranty coverage. Hence, by issuance of this opinion, our office officially repeals Attorney General Opinion 88-158.
Further support can be found in "Consumer Protection and the Louisiana Civil Code" written by Ronald L. Hersbergen. Mr. Hersbergen contends:
 "In Louisiana the "as is" term does not constitute a renunciation of implied warranty; that being so, it would be deceptive for a Louisiana dealer to use the "No Implied Warranty — as is" disclosure as set forth in the model Buyers Guide. The substitute `implied warranties only' disclosure form would seem to apply."
Ronald L. Hersbergen, Consumer Protection and the LouisianaCivil Code, Paul M. Hebert Law Center Publications Institute, 201 (1991).
In conclusion, sales of motor vehicles made "as-is" are incompatible with the implied warranty of fitness pursuant to Article 2520. In addition, any lawful disclaimer of the implied warranty in Louisiana must be accompanied by the three conditions set forth in Hendricks.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 By: ____________________________ TAMERA R. VELASQUEZ Chief, Consumer Protection
TRV/yb